UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MCKENZIE GRAY,

                **Plaintiff,**

                v.

ONONDAGA-CORTLAND-
MADISON BOCES,

                **Defendant.**

5:16-cv-973
(GLS/TWD)
_____

## SUMMARY ORDER

Plaintiff McKenzie Gray, a female teaching assistant, brings this action against her former employer, defendant Onondaga-Cortland-Madison BOCES (OCM BOCES), alleging that she was subjected to sexual harassment, disability discrimination, and retaliation in violation of the Americans with Disabilities Act,[1] Title VII of the Civil Rights Act of 1964,[2] and the Civil Rights Act of 1991[3]. (*See generally* Compl., Dkt. No. 1; Dkt. No. 18 at 14.)

In its pending motion for judgment on the pleadings, (Dkt. No. 9),

---

[1] *See* 42 U.S.C. §§ 12101-12213.

[2] *See* 42 U.S.C. §§ 2000e-2000e-17.

[3] *See* 42 U.S.C. § 1981-2000h-6.

OCM BOCES' contends that the complaint should be dismissed, in part because it merely sets forth conclusory allegations that are insufficient to state a claim for sexual harassment. (Dkt. No. 9, Attach. 1 at 6.) In response, after citing to the improper *conceivability* standard[4] no less than three times, (Dkt. No. 18 at 4-5), Gray argues that her claim of sexual harassment is sufficiently plead when analyzed under the proper *plausibility* standard, (*id.* at 17-20).

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that "a plaintiff's obligation to provide the grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And a complaint must do more than "tender[] 'naked

---

[4] Under this since-retired standard, "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of [undisclosed] facts to support recovery." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal quotation marks omitted). However, the conceivability standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

2

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). It "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

> Pursuant to EEOC regulations[5]
>
> Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

29 C.F.R. § 1604.11. In determining whether conduct constitutes sexual harassment in violation of Title VII, a court may look to "the nature of the sexual advances and the context in which the alleged incidents occurred." *Id.* The impermissible character of the underlying conduct must be stated

---

[5] Although not controlling, these guidelines "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (Jackson, J.).

in order to permit an inference that it rises to the level of sexual harassment.  *See, e.g.*, *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998) (stressing that Title VII is not a "general civility code" and only prohibits harassment that involves certain statutorily-proscribed forms of discrimination); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) ("For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment.") (internal quotation marks and citation omitted); *Gibson v. Jacob K. Javits Convention Ctr. of N.Y.*, No. 95 CIV. 9728, 1998 WL 132796, at *8-9 (S.D.N.Y. Mar. 23, 1998) (finding that blanket assertions of sexual harassment were insufficient to survive a motion to dismiss).

Here, the complaint merely concludes that Gray "was . . . sexually harassed" by students in her classroom, (Compl. ¶¶ 19, 24), and vaguely describes the students' conduct as "unceasing, pervasive[,] and outrageous in nature," (*id.* ¶ 20), but omits any factual allegations regarding the students' conduct that allegedly constituted sexual harassment, (*see generally* Compl.).  And the court cannot reasonably infer whether such unidentified conduct constituted sexual harassment merely from allegations

4

relating to Gray's resulting injury, (*id.* ¶ 27), or OCM BOCES' response upon learning of such conduct, (*id.* ¶¶ 12, 26, 28-29).[6]  Moreover, "[d]efendants cannot be required to respond, and be held to those responses in future litigation, where the factual . . . allegations remain so unclear."  *Castiglione v. Papa*, No. 1:09–CV–0967, 2010 WL 2044688, at *6 (N.D.N.Y. May 24, 2010), *aff'd*, 423 F. App'x 10 (2d Cir. 2011); (Dkt. No. 8 at 2 ¶ 6.)  In sum, Gray cannot affix a conclusory label of "sexual harassment" on unspecified conduct without alleging facts that, if accepted as true, allow the court to draw a reasonable inference that OCM BOCES is liable.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556-57.  As such, Gray's sexual harassment claim is dismissed.

The court has carefully considered OCM BOCES' remaining arguments—related to sovereign immunity, and whether Gray adequately alleged a qualifying disability under the ADA or a causal relationship to support her retaliation claim—and considers them to be without merit, given the reasonable inferences that can be drawn from the complaint at

---

[6] A court may consider a plaintiff's administrative agency filings, even if they are not attached to the complaint, when those filings are incorporated by reference.  *See Littlejohn v. City of New York*, 795 F.3d 297, 305 n.3 (2d Cir. 2015).  Although the complaint references charges filed with the EEOC and New York State Division of Human Rights, (Compl. ¶¶ 4, 10, 23), Gray has not provided the court with any filings which may have adequately stated the conduct allegedly constituting sexual harassment.  Instead, Gray has only attached to her complaint the one-page "right to sue letter" issued by the EEOC, which contains no factual allegations regarding sexual harassment.  (Dkt. No. 1, Attach. 1.)

this stage. Accordingly, it is hereby

**ORDERED** that defendant's motion for judgment on the pleadings, (Dkt. No. 9), is **GRANTED IN PART** and **DENIED IN PART** as follows:

**GRANTED** as it relates to plaintiff's claim of sexual harassment; and

**DENIED** in all other respects; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

April 13, 2018
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge